IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Lynn and Kathryn Egeland,

                             (Chapter 13)

        Debtors.                         Case No. 08-13697

MEMORANDUM DECISION

      The Egelands were chapter 13 debtors who voluntarily dismissed their case on August 26, 2009. The trustee is holding funds pending resolution of a dispute between the Egelands and a creditor, Bank United, which has moved for disbursement of the funds to it.

      The Egelands filed under chapter 13 on July 17, 2008. On July 23, 2008, Bank United moved for relief from stay to foreclose on the Egelands' home. While the motion was pending, the Egelands proposed a plan which provided that the Egelands would pay the trustee $823 per month for 54 months. Four secured claims were to be paid through the plan, including Bank United's claim for mortgage arrears. In September 2008, Bank United filed a proof of claim.

      Facing a final hearing on the motion for relief from stay, the parties worked out a compromise which was memorialized in an agreed order signed by the court on October 10, 2008. The order provided that Bank United would not receive relief from stay so long as as the Egelands made their regular mortgage payments outside the plan and made

1

"monthly payments to Bank United FSB, on arrearages on their debt to Bank United FSB, each in the amount of $555.56, through and as a part of their monthly payments to their Chapter 13 Plan, as detailed in their Confirmed Plan."

The order further provided that Bank United would receive relief from stay "if any one $555.56 or [regular mortgage] payment required to be made to Bank United, FSB hereby is not timely made." Once the order was signed, the trustee began to pay Bank United approximately $555.56 per month. On January 30, 2009, the trustee credited Bank United with $1,653.15 (compensating it for November and December 2008 and January 2009). On February 27, 2009, the trustee credited Bank United with $561.96.

The trustee stopped paying Bank United when the Egelands objected to Bank United's proof of claim in March 2009. The trustee instead accrued the funds pending resolution of the objection, but continued paying other secured creditors. A preliminary hearing on the claim objection and on Bank United's renewed motion for relief from stay was held on August 3, 2009. Relief from stay was granted at that hearing, as the Egelands had failed to make several mortgage payments outside the plan. Before a final hearing on the claim objection could be held, the Egelands moved to dismiss their case. The court granted the motion on August 26, 2009.

Following dismissal, Bank United moved to receive funds being held by the trustee. The Egelands objected. The trustee currently holds approximately $3,600 paid into the plan by the Egelands. At the preliminary hearing on this motion held on December 21, 2009, the trustee stated that payments under the plan had been made pro rata, that the money had been accrued for Bank United and that, under the plan's terms, it should go to Bank United. Bank United agrees, contending that the October 10, 2008 order directed payment of $555.56 monthly to it. The

2

Egelands contend that the money should be returned to them or, in the alternative, should be paid pro rata to all secured creditors.

11 U.S.C. § 1326(a) charges a debtor with the duty to make payments under a chapter 13 plan no later than 30 days after the plan is filed. It also imposes on a trustee the duty to "distribute any such payment in accordance with the plan as soon as is practicable" 11 U.S.C. § 1326(a)(2). The October 10, 2008 order specified how Bank United was to be treated under the Egelands' chapter 13 plan.

A bankruptcy court has discretion to interpret its own orders. In re Xonics, Inc., 813 F.2d 127, 130 (7th Cir. 1987) ("the court's treatment of its own order . . . is entitled to respect"); In re Weber, 25 F.3d 413 (7th Cir. 1994) (bankruptcy court's interpretation of a confirmed plan is subject only to deferential review). In this case, the October 10 order directed payment of $555.56 per month to Bank United for 54 months. Further, the order provides that the $555.56 payments would be made "as a part of [the Egelands'] monthly payments to their Chapter 13 Plan, as detailed in their Confirmed Plan." This language is consistent with the parties' subsequent conduct. The trustee actually paid Bank United approximately $555.56 per month until the Egelands objected to Bank United's claim. The case was dismissed before that objection was resolved.

Bank United is entitled to the funds. The Bankruptcy Code provides that a chapter 13 plan may classify claims, but must "provide the same treatment for each claim within a particular class." 11 U.S.C. § 1322(a)(3). The Egelands lumped four secured claims, including Bank United's, into one class. Accordingly, the four secured creditors were entitled to be treated equally. Although the Egelands' plan did not specifically state that secured creditors would be paid pro rata, this is what § 1322(a)(3) requires and what the trustee actually did. When the

3

Egelands objected to Bank United's claim, the trustee continued to pay the other secured creditors their pro rata share and withheld Bank United's pro rata share. Accordingly, the other secured creditors are not entitled to the retained funds, as they have already received their shares.

There is no way the statute requiring payments made to a chapter 13 trustee be disbursed pursuant to a confirmed plan could be read to allow payment to the debtors. Furthermore, the Egelands have not argued that Bank United's arrears claim was barred while their chapter 13 plan was effective. Indeed, they could not, because the plan they filed volunteered to pay arrears to Bank United.

The trustee must pay the funds he is holding to Bank United. It may be so ordered.

Dated: January 13, 2010

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE

4

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

In re:

Lynn and Kathryn Egeland,

            Debtors.

(Chapter 13)

Case No. 08-13697

## ORDER

The Court having reached the conclusions of law contained in the memorandum decision filed on this date, it is hereby ORDERED that the trustee disburse the withheld funds to Bank United.

Dated: January 13, 2010

_____
ROBERT D. MARTIN
UNITED STATES BANKRUPTCY JUDGE